UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

DENNYS ACOSTA,

    Plaintiff,

v.

FRAIAS TRASPORTATION, INC. a Florida Profit
Corporation, and ARNALDO FARIAS, and Individual

    Defendants.

_____/

## COMPLAINT

Plaintiff, DENNYS ACOSTA (hereinafter, "Acosta" or "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendants, FRAIAS TRASPORTATION, INC. and ARNALDO FARIAS ("Farias Transportation" "Farias" and collectively "Defendants") and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), Florida Statute § 448.110 (the Florida Minimum Wage Act, hereinafter the "FMWA"), and Florida Common Law.

2. This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Middle District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Middle District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

5. Plaintiff sent a letter of demand to Defendants on May 5, 2020, which put Defendants on notice of Plaintiff's intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.08(6)(a).

## PARTIES

6. Plaintiff is a resident of Palm Beach, Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a line haul driver. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and were regularly engaged in commerce.

7. Defendant Farias Transportation is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Orange County, Florida. Defendant Farias Transportation has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant Farias owned and operated Defendant Farias Transportation at all times material hereto and, upon information and belief, is a resident of Orange County, Florida. The Florida Department of State Division of Corporations lists Farias as the registered agent and CEO of Farias Transportation.

9. Defendant Farias had operational control of significant aspects of Farias Transportation's day to day functions, including employment practices and compensation of employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

10. Defendant Farias also had the power to hire and fire employees of Farias Transportation, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant Farias also had the power to stop any illegal pay practices that harmed Plaintiff.

11. Defendant Farias acted and acts directly in the interests of Farias Transportation in relation to its employees and, thus, Defendant Farias was and is an employer within the meaning of Section 3(d) of the FLSA.

12. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore have employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. Defendants, upon knowledge and belief, have gross revenue which exceeds $500,000 for each of the past three (3) years and utilize goods in the flow of commerce across state lines.

15. Plaintiff was an employee covered by the FLSA in that he was employed by Defendants as a line haul driver, for which he constantly drove long-haul trucks across state lines.

16. During Plaintiff's employment with Defendants, Plaintiff was directly and regularly engaged in interstate commerce and therefore an "employee" under 29 U.S.C. § 203(e).

17. Plaintiff should have been classified as an employee rather than an independent contractor throughout his employment because the manners in which he was to perform his work were dictated by Defendants.

## GENERAL ALLEGATIONS

18. Plaintiff worked for Defendants on a few trips in the week of July 18, 2020, for which Plaintiff was to be compensated $0.34 per mile.

19. During the relevant time period, Plaintiff went on several trips, specifically from Orlando, Florida to Ocala, Florida; from Ocala, Florida to Kentucky; from Kentucky to Hurricane, West Virginia; from Hurricane, West Virginia to Louisville, Kentucky; from Louisville, Kentucky to Denver, Colorado; and from Ellenwood, Georgia to Orlando, Florida.

20. Defendants paid Plaintiff nothing for his services on the trips aforementioned, in violation of minimum wage laws.

21. Defendants refused to remit payment to Plaintiff for his services despite Plaintiff's several attempts to recover his duly earned compensation.

22. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

23. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this Action pursuant to 29 U.S.C. §216(b) and Florida Statute §448.08.

## COUNT I: VIOLATION OF FLSA/MINIMUM WAGE

24. Plaintiff re-alleges and re-avers paragraphs 1 – 23, as fully set forth herein.

25. For the week of July 18, 2020, Plaintiff went on several trips as a line haul truck driver for the benefits of Defendants but received no compensation.

26. Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

27. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, Plaintiff requests judgment for:

a. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA.

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 260;

d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e. Such other relief as the Court deems just and proper.

## COUNT II: VIOLATION OF FMWA

28. Plaintiff re-alleges and re-avers paragraphs 1 – 23 as fully set forth herein.

29. On May 5, 2020, Plaintiff sent a Demand to Defendants for unpaid wages, pursuant to Fla. Stat. §448.08(6)(a). Defendants have failed to remit payment for Plaintiffs' unpaid compensation as of the filing of this Complaint.

30. For the week of July 18, 2020, Plaintiff went on several trips as a line haul truck driver for the benefits of Defendants but received no compensation.

31. Defendants knew that Plaintiff performed services for their benefits but refused to compensate Plaintiff anything.

32. Defendants willfully violated the FMWA by failing to compensate Plaintiff at a rate equal to the Florida minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

33. As a direct result of Defendants' willful violation of the Florida statutes, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, Plaintiff requests judgment for:

a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b. Interest on the amount found due;

c. Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

d. Plaintiffs' cost of suit herein together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. §448.110(6)(c)(1); and

e. Such other relief as the Court deems just and proper.

## COUNT III – UNPAID WAGES

34. Plaintiff re-alleges and re-avers paragraphs 1 – 23 as fully set forth herein.

35. On May 5, 2020, Plaintiff sent a Demand to Defendants for unpaid wages, pursuant to Fla. Stat. §448.08(6)(a). Defendants have failed to remit payment for Plaintiffs' unpaid compensation as of the filing of this Complaint.

36. For the week of July 18, 2020, Plaintiff went on several trips as a line haul truck driver for the benefits of Defendants but received no compensation.

37. Defendants knew that Plaintiff performed services for their benefits, but refused to compensate Plaintiff anything.

38. As a result of Defendants' failure to compensate Plaintiff properly, Plaintiff has suffered monetary damages.

WHEREFORE, Plaintiffs request judgment for:

    a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

    b. Interest on the amount found due;

    c. Plaintiffs' cost of suit herein together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. 448.08; and

    d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DENNYS ACOSTA hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: July 23, 2020.

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

    By:    /s/ Charles Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com